IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MATTHEW WAYNE BRITT, #126247    §

VS.    §        CIVIL ACTION NO. 6:23cv381

GREGG COUNTY SHERIFF'S OFFICE    §

<u>REPORT AND RECOMMENDATION OF THE</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Matthew Wayne Britt, a former inmate confined within the Gregg County Jail, proceeding *pro se*, filed this civil rights lawsuit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 30, 2023, the Court issued an order, (Dkt. #10), directing Plaintiff to submit an initial partial filing fee of $25.00 within thirty days from receipt of the order. A copy of this order was mailed to Plaintiff at his last-known address with an acknowledgment card. The docket reflects, however, that the mail was returned as "undeliverable," with a notation that Plaintiff is no longer at the facility, (Dkt. #11). Online records indicate that Plaintiff was released from the Gregg County Jail on August 31, 2023. To date, Plaintiff has neither filed the partial filing fee nor a change of address. Plaintiff also failed to otherwise communicate with the Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

Here, Plaintiff's failure to provide an updated address evinces his failure to prosecute his case. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Plaintiff's failure to prosecute is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his own case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

2

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 27th day of September, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE